Opinión de conformidad emitida por la
Jueza Asociada Se-ñora Fiol Matta.
Coincido con la conclusión a la que llega la mayoría de este Tribunal porque entiendo que la ley que se cuestiona en este recurso constituye un acto legislativo válido cuyo objetivo es concretar y hacer viable el derecho constitucio-nal a la educación. Nuestra Ley Suprema, la Constitución, persigue el propósito de que todo ser humano pueda tener acceso a una educación que le permita el desarrollo integral, es decir, físico, emocional e intelectual. A esos efectos, los constituyentes incluyeron como parte de nuestra Carta de Derechos lo siguiente:
*287 Toda persona tiene derecho a una educación que propenda al pleno desarrollo de su personalidad y al fortalecimiento del respeto de los derechos del hombre y de las libertades fundamentales. Habrá un sistema de instrucción pública el cual será libre y enteramente no sectario. La enseñanza será gratuita en la escuela primaria y secundaria y, hasta donde las facilidades del Estado lo permitan, será obligatoria para la escuela primaria. (Enfasis suplido.)(1)
Al amparo de esta disposición de nuestra Constitución, a través de la Ley Núm. 146 de 10 de agosto de 2000, que enmendó la Ley Núm. 149 de 15 de julio de 1999, conocida como Ley Orgánica del Departamento de Educación de Puerto Rico, la Asamblea Legislativa hizo obligatorio in-cluir “como requisito del currículo los cursos de educación física”.(2)
La idea principal del estatuto era restablecer(3) la clase de educación física como un requisito de graduación para los estudiantes de escuelas públicas.(4) Esto, para promo-ver a través del ejercicio, según estudios realizados por ex-pertos en la materia, “el desarrollo de fortaleza y resisten-cia muscular, flexibilidad y desarrollo de la capacidad cardiovascular” de los niños. De igual manera, se perse-guía reforzar “lo aprendido en todo el currículo”, facilitar “el desarrollo en el estudiante de responsabilidad respecto a su salud y condición física” y ayudar “a los jóvenes a trabajar para lograr alcanzar [sus] metas”.(5)
Para cumplir con estos propósitos se incluyó, como parte
*288 de las facultades y obligaciones en el ámbito académico del Secretario del Departamento de Educación(6) la responsa-bilidad de formular “un plan de dos (2) años, asignando los fondos necesarios para establecer cursos de educación fí-sica en todas las escuelas del Sistema”(7) Específicamente, la Rama Legislativa dispuso que
[l]as escuelas proveerán a todos sus estudiantes con un mí-nimo de tres (3) horas semanales de educación física. Se ga-rantizará un maestro de educación física a cada escuela. Para el caso de escuelas con más de doscientos cincuenta (250) es-tudiantes se nombrarán maestros adicionales por cada dos-cientos cincuenta (250) estudiantes o fracción. Disponiéndose, además, que se incluya la integración de instrumentos de tec-nología moderna para proveer información sobre la educación física a los estudiantes. Se entenderán como instrumentos de tecnología moderna las computadoras, equipos de comunica-ción y equipos audiovisuales.(8)
Al examinar la Exposición de Motivos de la Ley Núm. 146 del 2000 y su parte dispositiva, es obligatorio concluir que el Secretario del Departamento de Educación tiene el deber de proveerle educación física a los estudiantes de las escuelas públicas. Esta responsabilidad no es discrecional, sino obligatoria. Cuando el texto de una ley es claro no es necesario que sea interpretado, pues éste representa la in-tención legislativa(9)
Recordemos que las agencias son entes administrativos creados por la Rama Legislativa y responden a los poderes que ésta le ha delegado a través de su ley orgánica. Es cierto que la propia legislatura le ha concedido discreción al Secretario de Educación para determinar las prioridades *289 educativas y presupuestarias de su Departamento. Sin embargo, es igualmente correcto que la Asamblea Legislativa tiene la facultad de establecer, conjuntamente, algunas de esas prioridades educativas. Así lo hizo cuando enmendó la ley orgánica del Departamento de Educación para incluir como mandatorio la clase de educación física.
— O —

 Art. II, Sec. 5, Const. E.L.A., L.P.R.A., Tomo 1, ed. 2008, pág. 292.

 3 L.P.R.A. sec. 145t(c).

 A través de la Ley Núm. 68 de 28 de agosto de 1990, conocida como Ley Orgánica del Departamento de Educación, se incluyó el curso de educación física como parte de los requisitos académicos. Sin embargo, al aprobarse la Ley Núm. 149 de 15 de julio de 1999, que derogó la Ley Núm. 68, se eliminó ese requisito. Al percatarse de esto, la Asamblea Legislativa procedió a enmendar la Ley Orgánica del Departamento de Educación, mediante la aprobación de la Ley Núm. 146 de 10 de agosto de 2000, para restituir la clase de educación física como un requisito del sistema de educación pública. Exposición de Motivos de la Ley Núm. 146 de 10 de agosto de 2000 (2000 Leyes de Puerto Rico 980, 981).

 Íd., pág. 980.

 Íd.

 Otra facultad y obligación académica del Secretario de Educación es “[elstablecer un programa a nivel elemental, intermedio y secundario de moral y ética gubernamental”. Esta también debe formar parte del currículo académico, por lo que es un requisito indispensable de graduación. 3 L.P.R.A. sec. 145t(f).

 3 L.P.R.A. sec. 145t(w).

 3 L.P.R.A, sec. 144c-l.

 Romero Barceló v. E.L.A., 169 D.P.R. 460, 476-477 (2006); Ortiz v. Municipio San Juan, 167 D.P.R. 609, 617 (2006); Departamento Hacienda v. Telefónica, 164 D.P.R. 195, 205 (2005).